UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA WARREN

    Plaintiff,                      CIVIL ACTION NO. 13-14341

  v.                             DISTRICT JUDGE GERALD E. ROSEN
                                   MAGISTRATE JUDGE CHARLES E. BINDER
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

Plaintiff's Motion for Summary Judgment should be **GRANTED**, that of Defendant **DENIED**, and the case **REMANDED** for an award of benefits, as there is no substantial evidence on the record that claimant retained the residual functional capacity to either return to her past light work, or perform other jobs in the national economy, given her advanced age and unmarketable job skills.

**II.    REPORT**

    **A.    Introduction and Procedural History**

Plaintiff filed an application for Social Security Disability Insurance Benefits on January 6, 2011, alleging that she had become disabled and unable to work on December 31,

2008[1], at age 58, due to severe arthritic knee pain, depression and anxiety. Benefits were initially denied by the Social Security Administration (SSA). A requested de novo hearing was held on March 19, 2012, before Administrative Law Judge (ALJ) Mary Connolly. The ALJ subsequently found that the claimant was not entitled to disability benefits because she retained the ability to return to her past relevant work. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 62 years old at the time of the administrative hearing (TR 38). She had been graduated from high school, and had a few years of college experience. Claimant had been employed during the relevant past as a data entry clerk, cashier, office worker and retail sales clerk (TR 40, 47).

Claimant alleged disability since December 2010, due to arthritic bilateral knee pain, as well as depression and anxiety (TR 41). She testified that she left her last job as an airplane cabin cleaner in 2010 because of her arthritis (TR 39-40). Claimant had stopped working at a department store in 2008 because she could not meet the sales quota (TR 40). She stated that she was unable to work due to depression, crying spells, anxiety, and nerves, which she had

---

[1] At the time of the hearing, Plaintiff amended her alleged onset date of disability to December 20, 2010 (TR 39).

2

experienced for the better part of her life, but worsened after the death of her son in 1984 (TR 41). She took Zoloft for her depression, which sometimes helped elevate her mood (Tr. 42).

Plaintiff had problems with concentration and memory (TR 43-44). Her anxiety led to a fear of going out alone (TR 44). Plaintiff accompanied her husband to the store or movies, but she no longer went to church and generally stayed to herself (TR 44-45). She allegedly could not stand for longer than 1 hour, and was unable to walk more than 2 or 3 blocks. She was not currently seeing a doctor for her knees, or taking medications, but admitted that she needed to get treatment (TR 45). In a typical day, claimant would do some housecleaning or watch television (TR 46).

A Vocational Expert, Annette Holder, classified Plaintiff's past work as sedentary to light, semi-skilled activity (TR 47). If the claimant were capable of light work, the witness testified that Plaintiff could return to all her past work (TR 47). These jobs did not require extensive concentration, pace or persistence. They allowed workers to be off-task five percent of the time during a normal work day (TR 47). The VE explained that there would be no jobs for claimant to perform if she needed to be absent from work up to four days per month due to ordinary job stresses (TR 47-48).

### B. ALJ's Findings

The Law Judge found that Plaintiff was impaired as a result of degenerative arthritis of the knees and an affective disorder, but that these impairments were not severe enough to meet the Listing of Impairments. The ALJ recognized that the claimant's affective disorder

caused mild concentration, persistence and pace limitations. Since Plaintiff's past jobs were not precluded by these restrictions, the ALJ found that she remained able to perform all her past relevant work (TR 24-31).

## C. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc); Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court

would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

In the instant case, Plaintiff contends that the ALJ erred by not giving deference to the medical opinions of her treating doctors. She also asserted that her credibility concerning the severity of her pain symptoms and emotional difficulties were improperly rejected. The law is clear, however, that the mere existence of an impairment, even a severe one, will not entitle the claimant to disability benefits unless the impairment prevents her from returning to her previous work or any other substantial, gainful activity existing in the national economy, considering her age, education and work experience. 42 U.S.C. § 423(d)(2)(A), 20 C.F.R. § 404.1505 (2014).

### D.     Discussion and Analysis

I am persuaded that substantial evidence does not exist on the record supporting the Commissioner's conclusion that Plaintiff could return to her past light work. The medical evidence, as a whole, provides objective support for Plaintiff's allegations of severe functional limitations stemming from her physical and mental difficulties.

The parties do not dispute the fact that Plaintiff suffers from severe arthritic knee pain affecting her ability to stand and walk for prolonged periods. The medical evidence also demonstrates that Plaintiff suffers from persistent anxiety, mood disturbance, decreased energy, poor concentration, irritability and an antisocial tendencies (TR 208-211, 216-217, 221-222, 228-229, 232-241, 251-257).

Dr. Robert Cornette, Ph.D., claimant's long time treating psychologist, evaluated her mental residual functional capacity in August 2011. This treating doctor rated Plaintiff's GAF score at just 42, indicating serious difficulties in social, occupational, or school functioning (TR 246). For treatment response, Dr. Cornette stated that Plaintiff was stabilized, but without substantial or adequate remission of symptoms (TR 246). Plaintiff was not taking medications due to side effects. Her mental status examination and clinical presentation showed severe depression, suspicion, chronic fatigue, and significantly impaired I.Q. and cognitive functioning (Tr 246). Plaintiff prognosis was said to be guarded, as her depression had spanned more than 20 years. According to Dr. Cornette, claimant was unable to tolerate the side effects of antidepressant medications (TR 246). Consequently, Dr. Cornette opined that Plaintiff had "no useful ability to function" in numerous areas of mental functioning, and would need to be absent from work more than four days per month (TR 248-49). Given the functional limitations found by the ALJ, the Vocational Expert expressly stated that there would be no jobs that claimant could perform if she also needed to be absent from work four times a month due to ordinary job stresses (TR 47-48).

It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government, Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980), and are entitled to complete deference where, as here, the clinical findings are uncontradicted by substantial medical or other evidence and the opinions are based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th

Cir. 1985). Dr. Cornette, as well as the other examining doctors of record (Drs. Rubenfaer and Rojas), offered satisfactory objective clinical evidence of disabling functional limitations stemming from claimant's mental difficulties (TR 208-211, 216-217, 221-222, 228-229, 232-241, 251-257). Consequently, the treating psychologist's opinion that Plaintiff could not work on a sustained basis, and would need to be absent from work at least four times a month due to ordinary job stresses, should, I suggest, have been given controlling weight by the ALJ[2].

By determining that the claimant could return to her past relevant work, the ALJ stopped the sequential evaluation process at step four. As a result, the burden of proving that claimant has the vocational qualifications to perform alternative jobs in the economy, notwithstanding her severe impairments, did not shift to the Commissioner. Nevertheless, a Vocational Expert was called upon to help determine whether jobs existed in the national economy, including her past work, for claimant to perform given her advanced age, educational level, work experience and known functional limitations.

The VE explained that claimant could not return to her past work, or perform other jobs existing in the economy, if the testimony regarding her functional limitations and need to be

---

[2]The only contrary opinion of record, that Plaintiff could still perform her past work, was provided by a non-examining state agency consultant. Agency psychiatrist, Dr. Zahra Khademian, reviewed the record and completed a psychiatric review technique (TR 52-53). For the B criteria used at steps two and three of the sequential evaluation process, Dr. Khademian opined that Plaintiff had mild restriction of activities of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no repeated episodes of decompensation (Tr. 53). In light of the contrary clinical findings and disability opinions of the treating and examining doctors of record, I suggest that the ALJ erred by giving controlling deference to the non-examining reviewer.

absent from work on a regular basis were found to be fully credible (TR 47-48). Since the medical evidence demonstrates that the claimant was severely impaired as a result of her arthritic pain and emotional problems, I suggest that the ALJ erred when she rejected claimant's credibility.  Given claimant's advanced age and lack of highly marketable transferable skills[3], there I am unable to find substantial evidence to support the determination that she could perform other types of work activity existing in the economy.  In light of the Commissioner's error, and because I find no factual issues in need of further development, I further recommend that Plaintiff's Motion for Summary Judgment be **GRANTED**, that of Defendant **DENIED**, and the instant case be remanded to the Commissioner for a computation of benefits to which claimant is entitled.

## III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal.  United States v. Walters, 638 F.2d 947 (6th Cir. 1981),

---

[3]The Commissioner faces a heavier burden when denying disability benefits to older claimants.  For persons "approaching advanced age" (50-54), the regulations recognize that age, in conjunction with a severe impairment and limited work experience, may seriously affect their ability to adjust to significant numbers of jobs in the economy.  (20 C.F.R. 404.1563©). People of advanced age (55 and over) are considered of an age which significantly affects their ability to do substantial gainful activity; if they are severely impaired and cannot do medium work, they must have skills that can be transferred to less demanding jobs which exist in significant numbers in the national economy.  (20 C.F.R. s 404.1563(d)).  Finally, for claimants close to retirement age, the regulations provide: "[I]f you are close to retirement age (60-64) and have a severe impairment, we will not consider you able to adjust to sedentary or light work unless you have skills which are highly marketable." 20 C.F.R. 404.1563(d).

Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991).  Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

                                                              s/ Charles E Binder
                                                         CHARLES E. BINDER
Dated: September 12, 2014                         United States Magistrate Judge